### LIVINGSTON v. BIRD.

A defendant may not introduce himself as a witness to prove his own bill filed against an obligation upon the Statute of Usury.

ACTION upon a note; the plaintiff died after the service, and before the return of the writ; his executors enter and pursue the action; the defendant on the second day of the court's sitting filed his bill in chancery, upon the statute against usury; complaining that said note, by the corrupt agreement of said Livingston and Bird, hath included in and secured by it, more than lawful interest at the rate of 6 per cent. per annum, and is usurious and oppressive; and offers himself as a witness to

prove it.   This was objected to, upon general principles, also upon the particular situation of this case.   The court in such case, is directed and empowered by the statute to proceed in searching out · the truth of such complaint, as a court of chancery, by examining the parties upon oath, or in any other way, proper to a court of equity; and if the plaintiff shall refuse to be examined upon oath, his action shall be nonsuited, etc.   Courts of chancery do not admit parties to be witnesses in their own favor, any more than courts of law, except for a disclosure, and in this case, ·it would be especially improper and unsafe, as the original plaintiff is dead, who only was knowing to the matters complained of.

By the COURT.   The defendant may not be admitted to testify as moved for; the defendant may appeal to the conscience of the plaintiff if living, and call upon him for a disclosure upon oath, of the facts alleged in his complaint, and this is agreeable to right reason, to the rules of proceeding in chancery, and is clearly what the statute meant and intended; for it provides, that in case the plaintiff shall refuse to be examined upon oath, he shall be nonsuited.   If the defendant might prove his complaint by his own oath, there would be no need of this provision.

The plaintiff by his answer to the bill may make it necessary; nay he may compel the defendant by appealing to his conscience, to disclose on oath the truth respecting his own bill; but this must come from the plaintiff, and cannot be upon the motion of the defendant.   The practice upon this part of the statute has been heretofore rather vague and uncertain and very little may be derived from it, which goes to illustrate or settle any principles.   The original promisee being dead may be the misfortune of the defendant, but doth not alter the law.